IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| IVAN BEREZIN,<br><br>   Plaintiff,<br>v.<br><br>FCA US LLC and DODGE JEEP RAM,<br><br>   Defendants. | CASE NO.: 1:21-CV-10852<br><br>NOTICE OF REMOVAL |

Defendant, FCA US LLC, hereby removes to this Court, pursuant to 28 U.S.C. §§ 1441 and 1446, an action pending in the Superior Court, Middlesex County, Massachusetts, No. 2181CV00144 ("state action"). All Defendants consent to this removal.

Defendant FCA US LLC further states that removal is proper for the following reasons:

**RELEVANT PROCEDURAL HISTORY**

1. On or about January 21, 2021, Plaintiff Ivan Berezin ("Plaintiff") filed the state action as against Defendant FCA US LLC and Dodge Jeep Ram, asserting claims against Defendant FCA US LLC pursuant to M.G.L. c.231 § 85J (Count I), pursuant to M.G.L. c.231 § 85J (Count II), Breach of Contract against Defendant Dodge Jeep Ram (Count III), Unfair or Deceptive Practices in Trade or Commerce pursuant to M.G.L. c. 93A § 9 against Defendant FCA US LLC (Count IV), Unfair and Deceptive Practices in Trade or Commerce against Defendant Dodge pursuant to M.G.L. c. 93A § 9 (Count V), and Negligence against both defendants (Count VI). (*see* Original Summons and Complaint, attached hereto as Exhibit "A").

2. Thereafter, on March 26, 2021, Plaintiff filed a Motion for Leave to File an Amended Complaint in order to include an additional cause of action for violation of the federal Magnuson-Moss Warranty Act pursuant, 15 U.S.C. § 2301 (*see* Motion for Leave and Proposed Amended Complaint, attached hereto as Exhibit "B").

3. The Court granted Plaintiff's motion on April 22, 2021 (Clerk's Notice, attached hereto as Exhibit "C") and Plaintiff filed the Amended Complaint the same day (Amended Complaint, Exhibit B).

4. As set forth in the operative pleading, Plaintiff's claims are all based upon allegations that his 2020 Jeep Grand Cherokee, VIN: 1C4RJFN97LC440363 ("subject vehicle") was delivered with an alleged paint defect (Complaint, Exhibit "A" hereto). In his Statement of Damages, Plaintiff states that he seeks $101,410.00 in damages – the same amount he alleged he paid for the subject vehicle (*see* Complaint ¶ 4). In his Prayer for Relief, Plaintiff alleges that he seeks to recover a full refund of the purchase price, incidental and consequential damages, reasonable attorneys' fees and also, to recover treble damages pursuant to M.G.L. ch. 93A (*id.*).

5. The Amended Complaint has not yet been served on Defendants, but was filed with the Court on April 22, 2021.

6. Therefore, this Notice of Removal is timely, as it is filed within thirty (30) days of receipt of the Amended Complaint by Defendant. *See* 28 U.S.C. § 1446(b).

///

///

///

///

///

**BASIS FOR REMOVAL**

**I.   THIS COURT HAS JURISDICTION OVER THIS MATTER PURSUANT TO 28 U.S.C. § 1331**

7. Pursuant to 28 U.S.C. § 1441 (a), a defendant may remove to federal district court, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

8. Furthermore, 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

9. Accordingly, this Court has original jurisdiction over this civil action as it involves a claim arising under the federal Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et seq*.  *See* 28 U.S.C. § 1331.

10. Furthermore, the MMWA states in relevant part that a plaintiff may bring such a claim in federal court where the amount in controversy exceeds $50,000.  *See* 15 U.S.C. § 2310(d)(3)(B).

11. In his Prayer for Relief, Plaintiff seeks, *inter alia*, a "full refund" of the purchase price, alleged to be $101,410.00, plus unspecified collateral charges, incidental and consequential damages, attorneys' fees and costs (*see* Amended Complaint ¶ 4 and Prayer for Relief; *see also* Exhibit "A" to the Amended Complaint).  Therefore, it is facially apparent from the Complaint that the amount in controversy for Plaintiff's claims under the MMWA exceeds $50,000.  Accordingly, jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 2310(d)(3)(B).

12. Moreover, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  Specifically, Plaintiff's claims under the MMWA, the Massachusetts Consumer Protection Act, Negligence, and Breach of Contract are all based upon the same

allegations of an alleged paint defect in Plaintiff's vehicle (*see* Amended Complaint, Exhibit "B" hereto). Accordingly, this Court has jurisdiction over Plaintiff's state law claims because such claims are derived from the same common nucleus of factual allegations and thus, are part of the same case or controversy as Plaintiff's claims under the federal MMWA. *See* 28 U.S.C. § 1367(a).

**II.    ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET FOR REMOVAL TO THIS COURT**

13.  The Original Complaint contained no basis upon which to confer the jurisdiction of this Court. In the Amended Complaint, however, Plaintiff asserted for the first time, the claim under the federal Magnuson-Moss Warranty Act and therefore, this action became removable. Defendant removes this action within thirty (30) days of the filing of the Amended Complaint and is therefore timely.

14.  Simultaneously with the filing of this Notice of Removal, Defendant FCA US LLC is providing written notice to all parties of record and is filing a copy of this Notice of Removal with the clerk of the Superior Court, Middlesex County, Massachusetts, pursuant to 28 U.S.C. § 1446(d).

15.  Pursuant to Local Rule 81.1, within 28 days of this filing, Defendant will file attested or certified copies of all records, proceedings and docket entries in the State Action.

16.  Pursuant to 28 U.S.C. § 1446(a) attached hereto collectively as Exhibit "C" are copies of all papers, pleadings, process and orders served upon Defendant or filed in the state action.

17.  This Court embraces the county and court in which the State Action was initially filed. *See* 28 U.S.C. § 101. Therefore, this action is properly removed to this Court.

18.  Co-Defendant SH Auto, Inc. (incorrectly named herein as Dodge Jeep Ram), through its counsel, has provided consent to the removal of this action to this Court.

WHEREFORE, Defendant FCA US LLC, respectfully requests that this matter, currently pending in the Superior Court of Middlesex County, Massachusetts, be removed to this Court.

Dated: Albany, New York
       May 21, 2021

ROSEWALDORF PLLC

By:   *s/ Mark W. Skanes*
Mark W. Skanes, Esq.
Attorneys for Defendant
FCA US LLC
501 New Karner Rd.
Albany, New York 12205
Phone: (518) 869-9200
Fax: (518) 869-3334
mskanes@rosewaldorf.com

## CERTIFICATE OF SERVICE

I hereby certify that this document, along with the Civil Cover and Category Sheet, filed through the ECF system on this date will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered.

Dated: Albany, New York
May 21, 2021

    *s/ Mark W. Skanes*
Mark W. Skanes, Esq. (BBO # 675638)