#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF MASSACHUSETTS
#### EASTERN DIVISION

| | |
|---|---|
| IVAN BEREZIN, | **BRIEF IN SUPPORT OF** |
| | **FCA US LLC'S MOTION** |
| Plaintiff, | **FOR SUMMARY JUDGMENT** |
| -against- | |
| | Case No.: 1:21-CV-10852 |
| FCA US LLC and | |
| SH AUTO, INC. d/b/a | |
| WESTBORO CHRYSLER DODGE JEEP, | |
| Defendants. | |

Defendant FCA US LLC ("FCA"), by and through its counsel, hereby submit this Brief in support of Defendants' Motion for an Order, pursuant to F.R.C.P. 56, entering summary judgment in favor of Defendant FCA, dismissing this action in its entirety, and awarding such other and further relief that this Court deems just and proper.

### RELEVANT PROCEDURAL HISTORY

Following a series of amendments, Plaintiff filed the Second Amended Complaint on November 5, 2021 (*see* Doc. No. 20). Defendant FCA US filed a motion to dismiss the SAC and pursuant to an Order, dated February 17, 2022, this Court granted the motion in part and denied the motion in part, dismissing Count I with prejudice (*see* Doc. No. 22). The claims remaining as against FCA US are Count IV (violation of Ch. 93A), Count VI (Negligence) and Fraud (Count IX). All of Plaintiff's claims are based upon the allegation that his 2020 Jeep Grand Cherokee was delivered with defects. FCA US answered the SAC thereafter.

- 1 -

Pursuant to this Court's December 8, 2022 Order, Plaintiff was required to provide expert disclosure by February 10, 2023.  On February 15, 2023, FCA US inspected the subject vehicle and on March 10, 2023, FCA US provided its expert disclosure, naming Ray Lessard as its expert and disclosing his report.  Plaintiff did not disclose an expert within the time allowed by the Court's amended scheduling order and did not seek an extension of time to provide such disclosure.

As set forth in the accompanying motion and the exhibits annexed thereto and herein, Plaintiff's claims against FCA US fail as there are no records, reports or other admissible evidence that suggests any allegations were the result of a defect with the vehicle or any actions by FCA US. Plaintiff has no expert evidence to refute the expert proof set forth by FCA US and Plaintiff himself is not an automotive expert. Therefore, Plaintiff cannot offer any evidence or testimony regarding whether the vehicle was defective.  Accordingly, Plaintiff cannot create a genuine issue of material fact and Defendant's motion for summary judgment should be granted.

## UNDISPUTED MATERIAL FACTS

Plaintiff purchased the vehicle that is the subject of this action, a certain 2020 Jeep Grand Cherokee Trackhawk, VIN:  1C4RJFN97LC440363 ("Vehicle") new, from Defendant Westboro Chrysler Dodge Jeep Ram on October 15, 2020 (*see* Statement of Undisputed Material Facts ["SUMF"]) ¶ 1). FCA US was not a party to the sales transaction (*id.* ¶ 2).

At the time it was sold, the Vehicle was accompanied by the FCA Written Limited Warranty (*see id.* ¶ 3).  Prior to taking delivery of the Vehicle, Plaintiff noted that the Vehicle listed 32 miles on the odometer (*id.* ¶ 4).

Plaintiff did not notice any issues with the paint on the day he took delivery (SUMF ¶ 5). Despite knowing the vehicle had 32 miles on the odometer, Plaintiff took delivery of the Vehicle (*id.* ¶ 6).

After taking delivery of the vehicle on October 15, 2020, Plaintiff drove the Vehicle home that same evening (*id.* ¶ 7). Plaintiff claims to have found "damage" to the Vehicle several days after taking delivery and *after* the vehicle was taken to a non-party automotive company named AVI, LLC for application of certain coatings to the paint (*see id.* ¶ 8). Plaintiff has no evidence of any damage to the Vehicle prior to its delivery to non-party AVI, LLC (SUMF ¶ 9). Plaintiff had no conversations with FCA US prior to delivery aside from a call regarding the date the Vehicle would be delivered (*see id.* ¶ 10).

FCA US' expert, Ray Lessard, Master Factory Technical Advisor, inspected the Vehicle on February 15, 2023 at Brigham-Gill Chrysler Dodge Jeep Ram (SUMF ¶ 11). During this inspection, Mr. Lessard confirmed that the Vehicle had no defects in need of repair (*see id.* ¶ 12). Mr. Lessard confirmed that the vehicle had no prior damage and repairs (*see* ¶¶ 13). FCA US has no records of the Vehicle being defective in transit or at delivery (*see id.* ¶ 14).

Plaintiff has no evidence that the Vehicle was defective at delivery (*see* SUMF ¶ 15). Plaintiff has no expert and did not conduct his own inspection of the vehicle (*see id.* ¶ 16). Plaintiff himself is not an automotive expert and cannot offer any evidence or testimony regarding any standards in the automotive industry (SUMF ¶ 17).

## **STANDARD**

Under F.R.C.P. Rule 56, summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact." F.R.C.P. Rule 56(a). In addition, where "the summary judgment record satisfactorily demonstrates that the plaintiff's case, and may be expected to remain, deficient in vital evidentiary support, this may suffice to show that the movant has met its initial burden." *See Carmona v. Toledo,* 215 F.3d 124, 132 (1st Cir. 2000). More importantly, "where expert testimony is required to support the non-moving party's case, and there is an absence of such

testimony, summary judgment is appropriate." *See Mullin v. Bayline, Inc.* 2021 U.S.Dist. LEXIS 233855 (D.Mass. 2021) citing *Cousins v. Higgins,* 2019 U.S. App. LEXIS 39640 (1st Cir. 2019).

## ARGUMENT

I. **PLAINTIFF CANNOT CREATE A GENUINE ISSUE OF MATERIAL FACT CONCERNING THE EXISTENCE OF A DEFECT WITH OR DAMAGE TO THE SUBJECT VEHICLE AT THE TIME OF DELIVERY AND THEREFORE, PLAINTIFF'S CLAIMS FAIL AS A MATTER OF LAW.**

Plaintiff's claims here in are all based upon the same baseless allegation that the Vehicle was defective and/or damaged at delivery. Plaintiff, however, is not an expert in automotive repairs and has disclosed no expert to support any conclusion that the vehicle was defective at delivery. Indeed, Plaintiff has *no evidence* expert or otherwise, of the vehicle being damaged or defective at the time of his delivery. Instead, Plaintiff's claims are based solely upon his own conclusory allegations. Without more, Plaintiff cannot defeat summary judgment and maintain his claims against FCA US.

    A. **Plaintiff's Claims under c. 93A Against FCA US LLC (Count IV) Should be Dismissed as Those Claims are all Based upon the Unsupported Allegation that the Vehicle was Defective at Delivery.**

In order to prevail on a M.G.L. Ch. 93A claim, Plaintiff must demonstrate an unfair or defective act by Defendant and resulting damages. *See Patterson v. Omnipoint Communcs., Inc.,* 122 F.Supp.2d 222 (D.Mass. 2000). In the SAC, Plaintiff attempts to assert a claim as against FCA US for violation of ch. 93A based upon allegations that the vehicle was damaged and/or defective at the time of delivery to him (*see* SAC ¶¶ 63-67). Plaintiff's claims fail as he has no evidence to support the conclusion that the vehicle was damaged or defective at delivery.

Specifically, Plaintiff has offered no proof during discovery that the Vehicle was damaged and/or defective at delivery. Instead, Plaintiff's sole basis for alleging that the Vehicle was defective is based upon information he allegedly receiver *after* he took delivery of the Vehicle, and *after* he

sent the Vehicle to the non-party automotive shop for an application of certain protective coatings (*see* Plaintiff's Deposition Transcript ["TR"] at pp. 38-39, 84, Exhibit "A" to the Skanes Certification).

More importantly, FCA US submitted expert proof concluding that the Vehicle *did not* exhibit any defects with the paint and was not previously damaged and repainted (Lessard Aff. ¶¶ 7-10). As the necessary element under Plaintiff's ch. 93A claims is premised upon this alleged damage, Plaintiff cannot meet his burden in opposition to the motion. Moreover, Plaintiff cannot demonstrate a genuine issue of material fact regarding the existence of defects and damage as Plaintiff has no expert and no such expert evidence is forthcoming as the deadline to provide same has passed. Therefore, summary judgment should be granted in favor of Defendant FCA US as to Count IV as a matter of law.

### B. **Plaintiff's claim for Negligence (VI) is based upon the same unsupported allegation that the Vehicle was damaged and/or defective at delivery.**

Plaintiff's alleged claims for Negligence, is based upon the same unsupported allegation that the Vehicle was damaged and/or defective at delivery (*see* SAC ¶¶ 84-87). In essence, Plaintiff argues that FCA US was "negligent" in that it damaged and/or failed to properly repair the Vehicle prior to delivery to Plaintiff (*id.*). Plaintiff's claims under a "negligence" theory fail, therefore, for the same reason as his ch. 93A action fails. Simply, Plaintiff has *no proof* to support his allegations of a defect or damage. Similarly, as a claim for negligence requires proof of a legal duty, Plaintiff fails for the additional reason that no such duty exists here. *See Pine v. Arruda,* 448 F.Supp.2d 282, 284 (D.Mass. 2006).

### C. **Plaintiff's claim for Fraud (IX) fails as Plaintiff cannot demonstrate any of the essential elements of the claim.**

In order to demonstrate fraud on behalf of FCA US, Plaintiff would have to show that FCA

made a misrepresentation of a material fact, made to include Plaintiff to purchase the Vehicle, reasonable reliance upon those misrepresentations by Plaintiff and resulting damages. *See Hogan v. Riemer,* 35 Mass.App.Ct. 360, 365 (Mass.App.Ct. 1993) citing *Zimmerman v. Kent,* 31 Mass.App. Ct. 72, 77 (1991). Plaintiff's claims here for fraud are based upon the same bald allegations that the Vehicle was delivered defective and/or damaged to Plaintiff (*see* SAC ¶¶ 107-111). As set forth above, FCA US has demonstrated with expert proof that the Vehicle was *not* defective and was not damaged and repainted (*see* Lessard Aff.). Plaintiff cannot meet his burden in opposition to this motion of demonstrating a genuine issue of material fact as Plaintiff has no proof of a defect or damage to the Vehicle prior to his purchase. In addition, Plaintiff's claims for fraud fail for the additional reason that FCA US was not a party to the transaction for sale of the Vehicle to Plaintiff and Plaintiff did not discuss the condition of the Vehicle with FCA US prior to taking delivery (SUMF ¶ 10).

## CONCLUSION

For all of the foregoing reasons, and upon the foregoing undisputed material facts, Defendant FCA US LLC respectfully request that this Court enter an Order, pursuant to F.R.C.P. 56, granting summary judgment in favor of Defendant FCA US, dismissing this action in its entirety with prejudice as against Defendant FCA US and awarding Defendant such further relief as this Court may deem just and proper.

Dated: Albany, New York
      May 24, 2023

                                         *s/ Mark W. Skanes*
                                         MARK W. SKANES, ESQUIRE
                                         **ROSEWALDORF PLLC**
                                         Attorneys for Defendant FCA US LLC
                                         501 New Karner Road
                                         Albany, New York 12205
                                         (518) 869-9200

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document, filed through the ECF system on this date, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered.

Dated: Albany, New York
       May 24, 2023

                                                 *s/ Mark W. Skanes*
                                                Mark W. Skanes, Esq.