**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION**

| | |
|---|---|
| IVAN BEREZIN, | **REPLY BRIEF IN FURTHER SUPPORT OF FCA US LLC'S MOTION FOR SUMMARY JUDGMENT** |
| Plaintiff, | |
| -against- | |
| | Case No.: 1:21-CV-10852 |
| FCA US LLC and SH AUTO, INC. d/b/a WESTBORO CHRYSLER DODGE JEEP, | |
| Defendants. | |

Defendant FCA US LLC ("FCA US"), by and through its counsel, hereby submits this Reply Brief[1] in further support of Defendant's Motion for an Order, pursuant to F.R.C.P. 56, entering summary judgment in favor of Defendant FCA US, dismissing this action in its entirety, and awarding such other and further relief that this Court deems just and proper.

**I.    PLAINTIFF'S OPPOSITION FAILS TO CREATE A GENUINE ISSUE OF MATERIAL FACT THAT WOULD WARRANT THE DENIAL OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

As Defendant FCA US demonstrated in its initial motion papers, Plaintiff has no evidence that the Vehicle at issue was damaged or defective at delivery to Plaintiff and more importantly, Plaintiff has no evidence that any damage or defects were attributable to FCA US. In support of its position, FCA US relied upon properly supported documents and an affidavit, along with Plaintiff's discovery responses and deposition testimony. Specifically, FCA US demonstrated that based upon FCA US' records indicating no damage present at the time of delivery and based upon its expert's conclusions

---

[1] Defendant expressly does not waive any arguments raised in its initial motion papers not raised in this Reply Brief.

following a recent inspection, the Vehicle was not damaged or defective at delivery to Plaintiff (*see* Lessard Aff.). Moreover, as Plaintiff had no expert of his own (having failed to disclose an expert within the deadline imposed by this Court's Order), Plaintiff could not establish any genuine issue of material fact. As all of Plaintiff's claims against FCA US hinged upon his ability to demonstrate a defect and damage at delivery, his entire action should be dismissed for the inability to meet his burden of proof.

In response to the motion, Plaintiff *admits*: (1) that he did not notice any issues with the paint on the Vehicle or any defects when he took delivery; (2) that despite having 32 miles on the odometer, he still took delivery of the Vehicle; (3) FCA US has no records of any damage to the Vehicle; (4) Plaintiff has no expert; and (5) Plaintiff himself is not an expert (*see* Plaintiff's Response to Defendant's Statement of Material Facts).[2] Instead, Plaintiff's main contention in opposition appears to be that by reference to an invoice from non-party AVI, LLC concerning an alleged inspection of the Vehicle performed *after* Plaintiff took delivery, there are genuine issues of material fact. As set forth more fully below, Plaintiff's contention is without merit and summary judgment should be granted in favor of Defendant FCA US.

A.    **The AVI, LLC invoice referenced in Plaintiff's Opposition should be rejected as inadmissible hearsay.**

Plaintiff's reference to an invoice from third-party AVI, LLC is insufficient to create a genuine issue of material fact. Generally, as this invoice is inadmissible hearsay, and not submitted in

---

[2] In support of its initial motion papers, Defendant set forth a series of undisputed facts, pursuant to L.R. 56.1, all of which were supported by proper evidence (*see* Defendant's Statement of Undisputed Material Facts). In response thereto, Plaintiff admitted generally all of these undisputed facts with two exceptions; that FCA US was not a party to the sales transaction for the sale of the vehicle (see SUMF ¶ 2) and that Plaintiff has no evidence of any damage to the Vehicle prior to delivery to AVI-LLC (see SUMF ¶ 9) or at delivery (SUMF ¶ 15). As to the issue of whether FCA US was a party to the sale (SUMF ¶ 2), Plaintiff offers a copy of the Motor Vehicle Purchase Contract, which contains no language that FCA US was a party to the sale (see Exhibit "A" to the Second Amended Complaint). Therefore, Plaintiff fails to create a genuine issue of material fact. Plaintiff's other contention, that the AVI, LLC invoice can defeat summary judgment in this matter, fails for the reasons set forth below.

admissible form, it should be rejected by this Court.  *See* F.R.C.P. Rule 56(c); *See Lang v. Wal-Mart Stores East, L.P.,* 813 F.3d 447 (1st Cir. 2016) (holding that "one cannot fend off summary judgment with inadmissible hearsay"); *Clapp v. Fanning,* 2022 U.S. Dist. LEXIS 48374 (D.Mass. 2022).

The AVI invoice is inadmissible hearsay as it is the apparent record of a non-party, being submitted to demonstrate the truth of its contents. Making matters worse, the AVI invoice incorporates yet another piece of hearsay, the repair estimate provided by "Precise Autobody" that is not even submitted in opposition to the motion (*see* Doc. 56-4).  This double hearsay should be rejected by this Court.

It bears noting that Plaintiff has not argued that the AVI document *may* become admissible at trial. *See* F.R.C.P. Rule 56(c)(2).  Any such argument would be without merit, however, as the invoice is annexed to the declaration of counsel, not an affidavit.  Moreover, the invoice does not even contain the name of the individual that prepared the document (*see* Doc. 56-4). Similarly, Plaintiff has not identified any witnesses that could authenticate this document during discovery, having failed to identify any individual at AVI as a potential witness in this matter either in his initial disclosures or by way of an expert disclosure.

Based on the foregoing, the invoice from AVI, LLC should not be considered by the Court. As this is the primary basis of Plaintiff's opposition, Defendant FCA US' motion should be granted.

**B.    Even if considered, the AVI LLC invoice does not create a genuine issue of *material* fact as it does not establish the vehicle was damaged and defective at delivery and that FCA US knew it was damaged and defective at delivery.**

Plaintiff's claims against FCA US are based upon the unsupported theory that the Vehicle "sustained extensive damage – which FCA apparently attempted to covertly repair before delivery to Plaintiff" (*see* Plaintiff's Opposition at p. 3).  The AVI invoice submitted by Plaintiff opposition simply does *not* support the conclusion that the Vehicle contained damage or a defect at delivery, that

- 3 -

FCA US knew about the damage and that FCA US attempted to hide the damage from Plaintiff. Indeed, FCA US submitted affirmative evidence showing that the Vehicle *was not* damaged and repaired prior to delivery to Plaintiff and that the Vehicle contained no defects (*see* Lessard Aff.; *see also* Exhibit C to the Lessard Aff.).

Putting aside that the AVI invoice is not admissible in this matter, the invoice simply does not state that the Vehicle was damaged and "shoddily repaired" prior to delivery, as Plaintiff claims it does. Viewing Plaintiff's claims in the most favorable light to Plaintiff, AVI, LLC discovered issues with the appearance of the Vehicle during an inspection that took place after the delivery to Plaintiff. There is no reference to FCA US specifically, or the timing of the alleged damage/defects.

More importantly, as Plaintiff admits, the invoice was created *after* Plaintiff took delivery of the Vehicle (*see* Statement of Undisputed Material Facts ¶ 8). As indicated on the invoice itself, the conclusions outlined on the invoice appear to have been reached *after* AVI itself began to work on the Vehicle (*see* Doc. 56-4). Therefore, the only repairs that the AVI, LLC documents are those of AVI, LLC – not FCA US.

The AVI, LLC invoice simply does not support Plaintiff's claims that the Vehicle was knowingly damaged by FCA US, that FCA US attempted to "covertly" perform repairs in a subpar manner and then intentionally sell the vehicle to Plaintiff. This theory offered by Plaintiff's counsel without more, is not sufficient to defeat summary judgment, as an opposition must be supported by materials in the record. *See* F.R.C.P. Rule 56. For this additional reason, Defendant's motion should be granted.

**C.    Plaintiff was required to submit expert evidence to rebut Defendant's expert and Plaintiff's failure to do so warrants the dismissal of Plaintiff's claims against Defendant FCA US LLC.**

Defendant's expert (the only expert identified in this matter), concluded that the Vehicle

contained no damage, there was no evidence of prior repairs to any alleged damage there were no defects covered under the FCA US LLC written limited warranty in need of repair (*see generally* Lessard Affidavit). In response, Plaintiff cites to the aforementioned inadmissible AVI invoice and in an apparent attempt at humor quips that Defendant's expert is "either a bad liar or in serious need of glasses" (*see* Plaintiff's Opposition at p. 6). Not only is it inappropriate for counsel to lodge personal attacks against a witness but Plaintiff's counsel appears to rely upon his own personal opinions to support his conclusion that no expert was needed by Plaintiff in this matter. Once again, this is not sufficient to defeat summary judgment.

Furthermore, given the scope of the written limited warranty issued by FCA US, the *only* defects upon which FCA US may be found liable are those related to defects in "materials or workmanship" as outlined in the FCA US written limited warranty (*see* FCA US Written Limited Warranty, Exhibit "B" to the Lessard Aff.). Indeed, the written limited warranty expressly *excludes* coverage for impact or other damage (*see id.* at pp. 13 and 15 under "Environmental Factors Not Covered" and "Other Exclusions" [outlining that the warranty does not cover conditions "resulting from anything impacting the vehicle" or damage due to "accident"]).

Plaintiff bears the burden, therefore, of demonstrating that the Vehicle contained defects and/or was damaged in a manner that FCA US was then responsible for repairs under the warranty. Given the scope of the warranty, expert proof is required to demonstrate whether the alleged issued found on the Vehicle were defects in "materials or workmanship" which could give rise to liability on the part of FCA US. As Defendant's expert demonstrated there were no such defects, Plaintiff was obligated (but failed) to demonstrate through his own expert, the existence of such defects. *See Kourouvacilis v General Motors Corp.,* 410 Mass. 706 (1991) (holding that trial court properly granted summary judgment in favor of defendant where plaintiff failed to submit expert evidence to

rebut that of the defendant's expert that there was no defect in a vehicle).

Similarly, Plaintiff's theory that the Vehicle was damaged and then "shoddily repaired" by FCA US prior to delivery to him requires an expert as well.  This is the type of technical testimony that requires an expert as well, given that Plaintiff would need to show that the repairs were not properly performed and/or that the repairs were the cause of the alleged damage.  *See Mullin v. Bayline,* 2021 U.S. Dist. LEXIS 233855 (D.Mass. 2021) (holding that expert proof was required to demonstrate improper repairs to plaintiff's ship were the proximate cause of plaintiff's alleged harm). Therefore, Plaintiff's decision to move forward in this matter without an expert is fatal to his claims. *See Kourouvacilis, supra.* (holding that trial court properly granted summary judgment in favor of defendant where plaintiff failed to submit expert evidence to rebut that of the defendant's expert). The only purported evidence submitted, the AVI, LLC invoice, even if considered, contains no language or conclusions that the Vehicle contained any such defects or damage or that the defects or damage were *attributable to FCA US*.  Any dispute is not *material* to the issues in this matter and thus, summary judgment remains appropriate in favor of Defendant.

Regarding Plaintiff's "negligence" claim, it fails for the same reasoning as this claim is based upon the incorrect theory that the Vehicle was damaged by FCA US.  Taken further, Defendant FCA US demonstrated that the negligence claim fails for the independent reason that Plaintiff failed to establish a duty on the part of FCA US running to Plaintiff.  This is an essential element of the claim for negligence and Plaintiff's failure to establish this element is grounds for dismissal.  *See Pine v. Arruda,* 448 F.Supp.2d 282, 284 (D.Mass. 2006).  In response, Plaintiff simply says that it was "make no sense" if there was not a duty on the part of FCA US.  Plaintiff's own belief is not legal support for his claims, however.  There is no claim for personal injuries and thus, Plaintiff's claims are limited to contract based damages, which in this case, are based upon the FCA US written limited warranty.

- 6 -

Plaintiff failed to identify a legal duty independent of the warranty obligation and thus, Plaintiff's negligence claim fails for this additional reason.

Finally, Plaintiff's claim for fraud fails for the independent reason that Plaintiff failed to demonstrate that FCA US *knew* that the Vehicle was damaged and then withheld that information from Plaintiff. Plaintiff's reference to the Court's order on Defendant's motion to dismiss is misguided as the Court reviewed solely the allegations in the Complaint, notwithstanding the support Plaintiff could provide.

Here, on the motion for summary judgment, however, Plaintiff cannot rely upon his allegations to save his claims for dismissal as he bears the burden of demonstrating a genuine issue of fact with respect to his claims with evidence or materials in the record. *See* F.R.C.P. Rule 56(c). Defendant demonstrated that it had *no record* of damage to the Vehicle and that the Vehicle contained no damage presently (*see* Lessard Aff. ¶ 14). At best, Plaintiff argues that a non-party shop, AVI, LLC, found damage to the Vehicle *after* Plaintiff already took delivery. This is not and cannot be considered proof that FCA US itself had knowledge of the alleged damage, even if it existed. Accordingly, as Plaintiff cannot demonstrate that FCA US knew of any alleged damage, his fraud claim fails for this additional reason.

II.    **IN ADDITION TO PLAINTIFF'S LACK OF PROOF, THE EVIDENCE IN THE RECORD BEFORE THIS COURT SUPPORTS THE ENTRY OF SUMMARY JUDGMENT IN FAVOR OF DEFENDANT FCA US LLC.**

In addition to Plaintiff's complete lack of proof, Defendant FCA US demonstrated in its motion papers that the record adequately established that the Vehicle was *not* damaged or defective at the time of delivery to Plaintiff and that Plaintiff cannot create a genuine issue of material fact in that regard. As demonstrated with the expert testimony of Defendant's expert, Raymond Lessard, the only issues on the Vehicle were stone chips, caused by ordinary road use in New England. Mr. Lessard

confirmed that the appearance of the Vehicle was normal and consistent with all other 2020 Jeep Grand Cherokees and there was nothing in need of repair (*see* Lessard Aff. ¶¶ 8, 19). In addition, Mr. Lessard confirmed there was no evidence of prior accident and repairs (*see id.* ¶¶ 7, 9). Moreover, it was undisputed that FCA US recorded no damage to the Vehicle in transit or at delivery (*see* SUMF ¶ 14).

Although Plaintiff "denied" that he has no evidence of damage or a defect prior to his taking delivery, he relies only upon the AVI, LLC invoice, which admittedly was created as the result of an inspection *after* delivery of the Vehicle to Plaintiff and *after* AVI, LLC already started working on the Vehicle. Moreover, Plaintiff could have obtained evidence of any alleged damage to the Vehicle prior to taking delivery. Plaintiff himself testified that he inspected the vehicle for "several minutes" prior to taking delivery and Thomas Sullivan, on behalf of SH Auto, testifies that Plaintiff and his wife inspected the Vehicle *twice* before actually driving away with the Vehicle (*see* Plaintiff's Exhibit "A" at pp. 26, 84' Plaintiff's Exhibit "C" at pp. 24, 31-32).

Further, Plaintiff's contention in his opposition papers that the 32 miles on the Vehicle at delivery can somewhat form the basis of his claims is wholly contradicted by his admitted agreement to take delivery of the Vehicle *despite* this mileage (*see* SUMF ¶ 6). Plaintiff cannot now claim that this was a material factor in his decision to purchase the Vehicle when by his own actions it did not dissuade him from taking delivery.

Plaintiff's characterizations of the deposition testimony from Thomas Sullivan, on behalf of SH Auto, gets him no closer to creating a *genuine* issue of material fact. Specifically, Plaintiff relies upon a series of leading questions by Plaintiff's counsel concerning hypothetical scenarios on the condition of new vehicles sold. When asked about the *specific* Vehicle, however, Mr. Sullivan confirmed that SH Auto performed *two* separate inspections of the Vehicle prior to delivery to

Plaintiff (*see* Plaintiff's Exhibit "C" at p. 69).  During these inspections, SH Auto found no damage or defects on the Vehicle (*see id.* at pp. 69-71).  Mr. Sullivan testified that he was present during the inspections of the Vehicle by Plaintiff and Plaintiff's wife and Mr. Sullivan confirmed that Plaintiff and his wife did not point out any issues with the exterior of the Vehicle (*see id.* at p. 72).

Taken together, there is not a single piece of evidence in the record demonstrating that the Vehicle was defective prior to delivery to Plaintiff.  Plaintiff had ample opportunity to inspect the Vehicle prior to taking delivery and took that opportunity to confirm there was no damage.  SH Auto conducted multiple inspections and confirmed there was no damage.  The first mention of any damage to the Vehicle is by non-party AVI, LLC *after* Plaintiff took delivery of the Vehicle and *after* AVI, LLC already worked on the Vehicle.

Based upon his own allegations, Plaintiff must demonstrate that the Vehicle was defective while in FCA US' possession, that FCA US was aware the vehicle was damaged and defective while in FCA US' possession and that FCA US performed poor repairs in order to hide the alleged damage. The mere fact that there was an alleged issue with the appearance of the Vehicle discovered at some subsequent time by a non-party is not sufficient to support Plaintiff's claims against FCA US. Plaintiff must show the damage/defects occurred at the hands of FCA US and has failed to do so.  *See Patterson v. Omnipoint Communcs., Inc.,* 122 F.Supp.2d 222 (D.Mass. 2000) (in order to support a Ch. 93A claim, a plaintiff must demonstrate unfair or deceptive acts by the defendant).

Moreover, even assuming that the conclusions drawn on the AVI invoice would be sufficient to show this level of material fact, it must be supported by expert testimony.  Even if Plaintiff is able to convince a jury that the photographs of the Vehicle depict alleged damage or defects, a jury needs more than their own subjective knowledge to determine: (1) when the damage or defects occurred; and (2) that the defects or damage rise to the level where FCA US would be required to perform

repairs on the Vehicle.

Specifically, Defendant's expert concluded after a thorough inspection that the appearance of the paint on the Vehicle was consistent with the paint and appearance on all similar year, make and model vehicles (*see* Lessard Aff. ¶ 8). Plaintiff's counsel argues that a "paint drip" indicates that the Vehicle was damaged and then surreptitiously repaired, he cannot testify at trial. This cannot be gained my merely showing a photo to the jury. An expert must be presented to reach this type of technical conclusion that falls well beyond the knowledge of an ordinary juror. *See Mullin v. Bayline,* 2021 U.S. Dist. LEXIS 233855 (D.Mass. 2021). In other words, even if the AVI, LLC invoice was in evidence at trial, the conclusions listed on the invoice require an expert testimony which Plaintiff has not and cannot provide. Accordingly, Plaintiff was required to present expert evidence in opposition to Defendant's motion. His failure to do so requires this dismissal of his claims as Plaintiff did not and cannot demonstrate a genuine issue of material fact as to his claims against FCA US.

## <u>CONCLUSION</u>

For all of the foregoing reasons, and those set forth in Defendant's initial motion papers, and upon the foregoing undisputed material facts, Defendant FCA US LLC respectfully request that this Court enter an Order, pursuant to F.R.C.P. 56, granting summary judgment in favor of Defendant FCA US, dismissing this action in its entirety with prejudice as against Defendant FCA US and awarding Defendant such further relief as this Court may deem just and proper.

Dated: Albany, New York
        June 11, 2023

         *s/ Mark W. Skanes*
         MARK W. SKANES, ESQUIRE
         **ROSEWALDORF PLLC**
         Attorneys for Defendant FCA US LLC
         501 New Karner Road
         Albany, New York 12205
         (518) 869-9200

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that this document, filed through the ECF system on this date, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered.

Dated: Albany, New York
      June 11, 2023

                               *s/ Mark W. Skanes*
                               Mark W. Skanes, Esq.

- 11 -