IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IVAN BEREZIN,<br><br>**Plaintiff,**<br><br>-against-<br><br>FCA US, LLC<br>and SH AUTO, INC. d/b/a WESTBORO<br>CHRYSLER DODGE JEEP,<br><br>**Defendants.** | Civil Case Number: 1:21-cv-10852-FDS |

**PRETRIAL MEMORANDUM**[1]

Pursuant to Local Rule 16.5(d), and the Order of this Court, the Plaintiff submits this pretrial memorandum.

    **I.**    **SUMMARY OF THE EVIDENCE THAT WILL BE OFFERED**

    **A. Plaintiff's Summary**

    **1. Liability**

Plaintiff, Ivan Berezin, will present evidence to show that, on October 15, 2020, he purchased a brand-new, custom-built 2020 Jeep Grand Cherokee Trackhawk from Defendant Westboro Chrysler Dodge Jeep Ram, to be manufactured by Defendant FCA. The testimony and evidence will show that the supposedly brand-new vehicle arrived at the dealership with 32 unexplained miles on the odometer, and with extensive damage to the body and frame, including paint defects and misaligned body panels. The evidence will also show that the damage to this supposedly brand-new vehicle occurred while the vehicle was in FCA's possession, and that FCA failed to mention these damages when delivering the vehicle to Mr. Berezin, instead attempting to pass off this damaged vehicle as a brand-new, undamaged vehicle.

---

[1] The Plaintiff prepared and circulated a proposed Joint Pretrial Memorandum. However, the Defendants declined to participate in a joint submission, so this Pretrial Memorandum is being filed unilaterally, by necessity.

**2. Damages**

Mr. Berezin seeks statutory damages under Chapter 93A. He further seeks recovery of actual damages on each of his causes of action, including a refund of the approximately $104,000 he paid. In addition, Mr. Berezin seeks prejudgment interest and punitive damages, as well as attorneys' fees and costs.

## II. FACTS ESTABLISHED BY PLEADINGS OR BY STIPULATIONS OR ADMISSIONS OF COUNSEL[2]

1. Plaintiff purchased the vehicle that is the subject of this action, a certain 2020 Jeep Grand Cherokee Trackhawk, VIN: 1C4RJFN97LC440363 ("Vehicle") new, from Defendant Westboro Chrysler Dodge Jeep Ram on October 15, 2020.
2. By selling the Plaintiff the Vehicle, Defendants were engaged in trade or commerce.
3. At the time it was sold, the Vehicle was accompanied by the FCA Written Limited Warranty.
4. Prior to taking delivery of the Vehicle, Plaintiff noted that the Vehicle listed 32 miles on the odometer.
5. When the Plaintiff took delivery of the vehicle, the vehicle had white protective film on several of the body parts, preventing the Plaintiff from being able to see the full exterior of the vehicle.
6. That white film was not removed from the vehicle until the vehicle was brought to the AVI, LLC body shop on October 19, 2020.
7. On October 23, 2020 – 8 days after taking delivery of the vehicle on October 15, 2020 – the Plaintiff returned to the Defendant Westboro dealership with the vehicle to show the Defendants the damage that had been discovered on the vehicle.
8. At that time, Defendant Westboro documented and photographed the damage to the vehicle, and sent off that documentation and photographs to Defendant FCA.
9. At that time, Defendant Westboro documented damages such as paint drips and paint chips.

---

[2] These facts have been taken from the undisputed facts on the parties Rule 56 statements of fact.

10. At that time, Defendant Westboro was also able to see and photograph misaligned body panels on the vehicle.

11. Cars that arrive brand new from the factory should not have paint drips or misaligned body panels on the vehicle.

12. More than 30 days prior to the commencement of this action, the Plaintiff served a Chapter 93A demand letter on each Defendant.

13. In response to the Plaintiff's Chapter 93A demand letter, Westboro declined to make a monetary offer to resolve the Plaintiff's claims.

14. In response to the Plaintiff's Chapter 93A demand letter, FCA declined to make a monetary offer to resolve the Plaintiff's claims.

### III. CONTESTED ISSUES OF FACT

1. Whether Mr. Berezin's vehicle was damaged at the time that it was delivered to the Westboro dealership.

2. Whether Mr. Berezin's vehicle was damaged at the time that Mr. Berezin took delivery of that vehicle at the Westboro dealership.

### IV. QUESTIONS RAISED BY PENDING MOTIONS

None.

### V. ISSUES OF LAW AND SUPPORTING AUTHORITY.

1. Did Westboro violate M.G.L. c. 231, § 85J when it sold the Vehicle to the Plaintiff? The statute provides that "whoever, by deceit or fraud, sells personal property shall be liable in tort to a purchaser in treble the amount of damages sustained by him." *See id.*

   a. Plaintiff maintains that Westboro violated this provision by selling him a used, damaged vehicle and attempting to pass it off as new. *See e.g., Briggs v. Carol Cars, Inc.*, 407 Mass. 391, 396, 553 N.E.2d 930, 933 (1990) ("If a statement of fact

which is susceptible of knowledge is made as of one's knowledge and is false, it may be the basis of an action for deceit");

2. Did Westboro breach the contract between the parties, when delivering the Vehicle to the Plaintiff?

    a. Plaintiff maintains that Westboro breached the contract – which specified the purchase of a brand-new, unused, vehicle – by delivering a used and damaged vehicle.

3. Did the Defendants violate Chapter 93A in the sale and delivery of the Vehicle to the Plaintiff?

    a. Plaintiff maintains that the Defendants engaged in a prohibited unfair and deceptive practice, when trying to pass off a used and damaged vehicle to him, in lieu of the expensive brand-new vehicle that he had ordered. *See e.g.,* 940 Code Mass. Regs. § 3.16 (a predicate violation of Chapter 93A, when "any person or other legal entity fails to disclose to a buyer or prospective buyer any fact, the disclosure of which may have influenced the buyer or prospective buyer not to enter into the transaction"); *Hebert v. Vantage Travel Serv., Inc.*, No. 17-CV-10922-DJC, 2021 WL 2516076, at *3 (D. Mass. June 18, 2021("when regulations establish per se unfair or deceptive acts or practices, plaintiffs need not make an additional showing of unfairness or deceptiveness aside from evidence of the violation itself").

4. Did the Defendants act negligently and breach their duty to the Plaintiff?

    a. Plaintiff maintains that, in damaging the Vehicle, and then in also failing to notify the Plaintiff that the vehicle was used and damaged, the Defendants acted negligently. *See e.g., Tomasella v. Nestle USA, Inc.*, 962 F.3d 60, 72 (1st Cir. 2020), citing *Olson Radio Corp.*, 60 F.T.C. 1758 (1962) ("An example of creating

a misleading impression through an omission would be presenting a product as new, even though it is actually used, without correcting the misimpression created").

5. Did the Defendants violate the Magnuson Moss Warranty Act?

    a. Plaintiff maintains that the Defendants violated the MMWA by representing that the Plaintiff was receiving a brand-new, unused, Vehicle, when he ultimately received a used and damaged vehicle. The MMWA provides a federal cause of action for consumers harmed by a supplier's failure to comply with the terms of a written warranty, implied warranty, or service contract. 15 U.S.C. § 2310(d)(1). As defined therein, a "written warranty" includes any written affirmation of fact or written promise made in connection with the sale of a consumer product by a supplier to a buyer which relates to the nature of the material or workmanship and affirms or promises that such material or workmanship is defect free or will meet a specified level of performance over a specified period of time. *See,* 15 U.S.C. § 2301(6). Such a claim can be established if a plaintiff "demonstrate[s] that the defendant promised a specific result and that defendant failed to deliver on his promise." *Rezendes v. Mitsubishi Motors N. Am., Inc.*, No. 22-CV-10211-AK, 2023 WL 1864405, at *5 (D. Mass. Feb. 9, 2023).

6. Did the Defendants engage in fraudulent conduct as towards the Plaintiff?

    a. Plaintiff maintains that the Defendants engaged in fraud by claiming to sell him a brand-new, unused vehicle, and then by trying to pass off a used, damaged vehicle instead. To prevail on an affirmative fraud claim, a plaintiff must show, "that Defendants 1) falsely represented material information, 2) did so knowingly, 3) with the intention of inducing reliance and 4) plaintiffs detrimentally relied upon

it." *Jackson v. Johnson & Johnson & Janssen Pharms., Inc.*, 330 F. Supp. 3d 616, 628 (D. Mass. 2018); *Harry v. Countrywide Home Loans Inc.*, 219 F.Supp.3d 228, 236 (D. Mass. 2016). "The standard for a fraudulent omission claim retains the above-cited elements but the 'false representation' element takes the form of an omission." *AcBel Polytech, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 928 F.3d 110, 122 (1st Cir. 2019), citing *Sahin v. Sahin*, 435 Mass. 396, 758 N.E.2d 132, 138 n.9 (2001).

## VI. ANY REQUESTED AMENDMENTS TO THE PLEADINGS.

None.

## VII. ADDITIONAL MATTERS TO AID IN THE DISPOSITION OF THE ACTION

None.

## VIII. PROBABLE LENGTH OF TRIAL

If the trial will only run from 9:00 a.m. to 1:00 p.m. each day, the trial will take at least two days, but the Plaintiff suspects that trial may linger over into a third day, once factoring in (a) opening statements, (b) questioning of at least 5, and likely 6, witnesses, (c) presentation of evidence, (d) closing statements, (e) instructing the jury, and (f) a short break or two in each 4-hour trial day, as provided in the Court's responses to the Judicial Forum Survey.

Dated: February 2, 2024

Respectfully submitted,

By:   /s/ Yitzchak Zelman
Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300 Asbury Park, New Jersey

07712 Tel:  (732) 695-3282
Email: yzelman@marcuszelman.com
*Attorney for Plaintiff,*
*Ivan Berezin*